**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRIS FINNEFROCK,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ANNIE MARIE, *et al.*,** | : | **NO. 26-4775** |
| **Defendants.** | : | |

**MEMORANDUM**

**KENNEY, J.** **September 28, 2026**

*Pro se* Plaintiff Chris Finnefrock brings this civil action pursuant to 42 U.S.C. § 1983, naming as Defendants (1) Annie Marie, "Clerk of Courts"; (2) Mark, an employee of the Chester County District Attorney's Office; and (3) Sheryl, "public defender."[1] For the following reasons, the Court will dismiss his Complaint on statutory screening pursuant to 28 U.S.C. § 1915.

## I. FACTUAL ALLEGATIONS[2]

[1] Finnefrock does not provide last names for either "Mark" or "Sheryl." *See* ECF No. 1 at 1. The Court infers that Finnefrock's claims are based on his prosecution in Chester County on charges of involuntary deviate sexual intercourse with a child, unlawful contact with a minor, and corruption of minors, for which he pled guilty on April 6, 2018 and remains incarcerated at SCI Mahanoy. *See Commonwealth v. Finnefrock*, CP-15-CR-0004197-2016 (C.P. Chester). Upon review of the publicly-available docket for that case, the Court notes that Finnefrock appears to have misidentified the relevant parties. The judge in his case was Ann-Marie Wheatcraft. Based on the allegations in the Complaint, including Finnefrock referring to this Defendant as "Hon. Judge Annie," the Court infers that Finnefrock meant to sue Judge Wheatcraft rather than the Clerk of Court. One of the prosecutors in Finnefrock's case was Sheryl J.M. Wilson, and his court-appointed attorney was Mark Joseph Conte; thus, Finnefrock appears to have confused the roles of the two attorneys he refers to as "Mark" and "Sheryl."

[2] The facts set forth in this Memorandum are taken from Finnefrock's Complaint, which was filed in the United States District Court for the Middle District of Pennsylvania on June 9, 2026, and transferred to this court on July 9, 2026. *See* ECF No. 8. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Finnefrock's allegations are brief. He states that:

> In or about 2017 . . . Hon. Judge Annie told me I will do life [i]n prison if I didn't plead guilty. D.A. Mark told me [i]n private that he would put a bullit [*sic*] [i]n my head if I refuse the plea deal. Sheryl my attorney told me that I violated a PFA order while I was [i]n custody, when in fact I didn't have zero contact while in custody with my kid[']s mother, my [e]x.

(ECF No. 1 at 4.) He further asserts that "[a]ll three (3), defendants violated my valid constitutional & statutory rights under the 4th, 5th, 6th, 8th, 14th [a]mendments of the constitutions. And my rights under the equal protection clause." (*Id*. at 5.) Finnefrock alleges he "pled [g]uilty under duress, intimidation, threats to my life." (*Id*. at 7.) He states that he was not wearing his hearing aids at the time of the events giving rise to his claims, but that he was able to read lips. (*Id*.) He notes that "[o]n top of all of this, I also suffer from mental incompetence, I cannot talk like a normal person could." (*Id*.) He seeks unspecified monetary relief. (*Id*. at 6.)

## II. STANDARD OF REVIEW

Although Finnefrock has paid the filing fee in full, the Court has the authority to screen the Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to 28 U.S.C. § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b)(2). At this early stage of the litigation, the Court will accept the facts alleged in the *pro*

*se* Complaint as true, draw all reasonable inferences in Finnefrock's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Finnefrock is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Mala*, 704 F.3d at 245. However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* *See also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

Finnefrock's claims are based on events that occurred in 2017 and 2018, suggesting that his claims are now time-barred. While a statute of limitations is ordinarily an affirmative defense to be raised in a responsive pleading, it may be considered on a motion to dismiss or at screening where the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A."). The

timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The statute of limitations for a § 1983 personal injury action in Pennsylvania is two years. *Id.* (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Finnefrock's § 1983 claim is two years. Because Finnefrock's claims appear to be based on the circumstances surrounding his guilty plea on April 6, 2018, absent any tolling, the last day for Finnefrock to file timely claims based on those events was April 6, 2020. He did not file his Complaint in this case until June 6, 2026, more than six years past the statute of limitations.

"Federal law, not state law, determines when a limitations period begins to run." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (citing *Kach*, 589 F.3d at 634). A statute of limitations begins to run "from the moment that a claim accrues," which is "when the last act needed to complete the tort occurs." *Id.* However, "state tolling principles . . . govern § 1983 claims," unless the state tolling principles contradict federal law or policy, in which case, the federal principles govern. *Kach*, 589 F.3d at 639 (citations omitted). Finnefrock does not assert any basis to justify tolling of the statute of limitations in his case. While he notes that he "suffer[s] from mental incompetence," in Pennsylvania mental incompetence does not provide a basis for tolling. *See Kreider v. Philhaven Adolescent Inpatient Treatment Ctr.*, 592 F. App'x 59, 61 (3d Cir. 2014) (*per curiam*) (citing 42 Pa. Cons. Stat. § 5533(a)); *see also A. McD. v. Rosen*, 621 A.2d 128, 131 (Pa. Super. Ct. 1993). Thus, because Finnefrock's claims are time-barred, they will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated, Finnefrock's Complaint is dismissed as time-barred. In the circumstances of the case, the Court finds that leave to amend would be futile and therefore the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that district courts should dismiss complaints on statutory screening with leave to amend "unless amendment would be inequitable or futile"); *see also Daniels v. Mcclainn*, No. 22-0147, 2023 WL 8580487, at *2 (W.D. Pa. Aug. 28, 2023) (dismissing time-barred claims on statutory screening with prejudice because amendment would be futile), *report and recommendation adopted sub nom. Daniels v. McClain*, 2023 WL 8544991 (W.D. Pa. Dec. 11, 2023). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

---

**CHAD F. KENNEY, J.**